UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN J. OBERTO, et al., <br><br> Plaintiffs, <br> v. <br><br> PLATYPUS MARINE, INC., <br><br> Defendant. | CASE NO. C16-5320RBL <br><br> ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

THIS MATTER is before the Court on Plaintiff Oberto's Motion for Partial Summary Judgment [Dkt. #]. In early 2014, Oberto[1] hired Defendant Platypus Marine to paint[2] his 1998, 68 foot LeClerq yacht, "Maximo." The existing coating was unknown, but was in poor condition. Platypus claims it told Oberto that in order to give Maximo a "perfect" glossy finish, all of the existing paint would have to be removed, which would cost an additional $200,000. Instead, Platypus and Oberto agreed that Maximo would get a "commercial," rather than a "show," finish, in which the new, two part paint—Awlgrip—would be painted over the existing coating(s).

---

[1] Stephen and Kim Oberto, husband and wife, are the plaintiffs. This Order will use the singular for ease of reference. No disrespect is intended.

[2] Other work was commissioned and apparently completed without controversy.

Platypus's bid included the promise that "all coatings will be applied according to Manufacturer's specifications and procedures." Awlgrip's manufacturer is AkzoNobel.

In April, 2014 Platypus informed Oberto that the yacht was finished but that there were "issues" with the paint: cosmetic defects appeared below, and "bled," or telegraphed, through the topcoat.

Platypus claims that it applied the Awlgrip consistent with the manufacturer's specifications, including applying a coating (a primer) containing T0006 solvent—which it claims confirmed that the Awlgrip was compatible with the underlying, unknown topcoat(s).

When the paint issues were arose, Platypus contacted Ray Tucker at AkzoNobel to discuss their cause, and the remedy. Tucker did his own test, using not T0006 solvent but MEK, which Platypus claims is not the approved manufacturer's method for determining Awlgrip's compatibility[3] with unknown substrate coatings. Tucker found that the paints were not compatible.

Oberto claims that Platypus did *not* do the compatibility test that AkzoNobel required.

In any event, the parties agreed that the boat would have to be re-painted, and that Oberto could withhold $25,000 of the contract price and take the yacht so he could use it that summer. That agreement was memorialized in a letter.

Maximo was returned to Platypus in October 2014, and a dispute arose about what went wrong and how it should be remedied. Platypus proposed "scuffing and shooting" the hull with Awlgrip again. Oberto was not convinced that this was the appropriate remedy given the prior compatibility issues, and demanded that Platypus take core samples and have them analyzed at

---

[3] Like most "two part" or "two pack" high end coatings, Awlgrip is not compatible with existing, lesser quality, one part coatings, It will apparently melt them.

AkzoNobel. Those samples were taken and analyzed, and Oberto claims they confirmed that at least one of the existing coatings was not compatible with Awlgrip. He also claims that AkzoNobel criticized Platypus for not confirming the compatibility prior to painting the first time. AkzoNobel would not warranty the Awlgrip coating if the underlying coating was not removed prior to re-painting; the two part Awlgrip is not compatible with the one part underlying paint.

The parties could not agree on a path forward, and in 2016 Oberto sued. He asserts claims for breach of contract and breach of warranty, seeking damages and attorneys' fees. Oberto now seeks partial summary judgment on his contract and warranty claims, arguing that Platypus breached its agreement to apply the Awlgrip in accordance with AkzoNobel's specifications—specifically, it did not ensure compatibility prior to painting the hull. He apparently seeks the cost of removing the new paint and the old paint, and re-painting with Awlgrip—essentially the "show" paint job that he declined to commission in 2014.

Platypus claims that it agreed in April 2014 only to "scuff and shoot" the then-existing coating—including the new, defective, Awlgrip—on portions of the hull, at its cost, which it claims is the commercially reasonable remedy. It claims AkzoNobel agrees.

Platypus also claims that the bulk of the 2014 paint issues have since resolved, and that the remaining issues are related not to the paint job but to the fact that a darker hull gets warmer than a light one, and that Maximo has suffered from "post cure print through"—the fiberglass and resin structure of the hull continued to cure when it got warmer, and the fiberglass is visible under the Awlgrip.

Platypus argues that Oberto is not entitled to a finding as a matter of law that the remedy it proposes is unreasonable as a matter of law, and argues that Oberto essentially seeks a

windfall. Finally, Platypus offers expert testimony that while there are cosmetic issues with the paint finish, the Awlgrip paint is *not* incompatible with the underlying, existing coatings. It argues there are material issues of fact surrounding the entire controversy that preclude even partial summary judgment.

**Summary Judgment Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24.

Oberto's breach of contract and breach of warranty claims both depend on his claim that Platypus agreed to apply the Awlgrip "according to AkzoNobel's specifications and procedures"

and it failed to do so. He claims that there is no factual dispute that Platypus failed to perform Awgrip's required compatibility tests, and that Platypus's claim that the primer it used included T0006 solvent is not sufficient to satisfy its agreement to test according to Awgrip's more stringent procedures.

But Platypus[4] argues, and it provides evidence, that (1) the Awlgrip *was* compatible with the outermost underlying coating; (2) that its painting procedure *did* ensure that fact; and (3) that the problems with the coating have resolved, except for the unrelated post cure print through. Absurd or not, this court cannot adjudicate credibility issues on summary judgment.

Oberto is similarly not entitled to summary judgment on his claim that Platypus "agreed to re-paint" Maximo after it released the yacht in April 2014. There is obviously a material issue of fact about whether (as Platypus claims) it was to "scuff and shoot"—to re-paint the hull, as it agreed to do initially—or whether (as Oberto seems to claim) it agreed to remove all of the new and old coatings and re-paint the hull in a manner that Oberto specifically declined to pay for in the beginning. Even if Platypus had done exactly what Oberto claims it should have, and discovered that the existing paint was not compatible with Awlgrip, it had not agreed to and would not have been obligated to remove all of the old paint from the yacht for the price of the "scuff and shoot" bid.

//

//

//

---

[4] Platypus also argues, persuasively, that the remedy for a less-than-satisfactory commercial paint finish is not to apply the show finish for which the customer explicitly declined to pay. While this may be a "damages" argument, a technical breach of a duty that does not proximately cause damage is not actionable.

1   This is an unfortunate situation, perhaps made worse by the passage of time and the
2   parties' intransigence. From the Court's perspective, it is not one that warrants a jury trial. But
3   the dispute is not one that the Court can resolve as a matter of law. In any event, Oberto's
4   Motion for Partial Summary is DENIED.
5   IT IS SO ORDERED.
6   Dated this 31st day of August, 2017.

_____
Ronald B. Leighton
United States District Judge