UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN J. OBERTO and KIM S. OBERTO,<br><br>Plaintiffs,<br><br>v.<br><br>PLATYPUS MARINE, INC.,<br><br>Defendant. | CASE NO. C16-5320 BHS<br><br>ORDER (1) RESERVING RULING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS IN LIMINE AND (2) RESERVING RULING IN PART, GRANTING IN PART, AND DENYING IN PART DEFENDANT'S MOTIONS IN LIMINE |

This matter comes before the Court on the parties' motions in limine. Dkts. 33, 35. Each of the parties have moved to exclude testimony from the other's expert witnesses on the basis that their testimony is inadmissible under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–95 (1993). Additionally, the parties have moved to exclude expert testimony and certain evidence based on failures to comply with procedural deadlines. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby:

1. **DENIES** the parties' motions as they pertain to the qualifications of Richard Halcomb, Dale Mann, and Bruce Bryant to testify as expert witnesses;

2. **DENIES** Plaintiffs' motions to exclude the testimony of Bruce Bryant on the basis that his disclosure was insufficient under Federal Rule of Civil Procedure 26(a)(2);

3. **RESERVES RULING** on whether the testimony of Dale Mann should be excluded under *Daubert* based on the acceptability of his methodology for adhesion testing;

4. **RESERVES RULING** on whether the testimony of Richard Bloomquist should be excluded on the basis that his written report was inadequate under Federal Rule of Civil Procedure 26(a)(2);

5. **DENIES** Defendant's motion to exclude the testimony of David Halcomb based on an alleged spoliation of evidence; and

6. **GRANTS** Defendant's motion to exclude the supplemental report of Ronald Reisner and the revised bid from Marine Group Boat Works on the basis that they were untimely disclosed.

The Court will consider the motions by addressing each of the items that the parties seek to exclude, consolidating the issues where appropriate.

**A.    Expert Testimony of Richard Halcomb, Dale Mann, and Bruce Bryant.**

To the extent that the parties argue that the expert testimony of witnesses David Halcomb, Dale Mann, and Bruce Bryant is inadmissible under Rule 702 and *Daubert* based on their qualifications, the Court denies these motions to exclude. It appears to the Court from review of Dale Mann's, David Halcomb's, and Bruce Bryant's reports and curriculum vitae ("c.v.") that each of them are sufficiently qualified to testify regarding

the cause of the paint defects based on their substantial experience in the realm of paint defects and adhesion and their personal observations in examining or working with the MAXIMO, Plaintiffs' yacht.

The Court reserves ruling on whether the testimony of Dale Mann should be excluded based on the acceptability of his methodology for adhesion testing. Plaintiffs challenge Mann's testimony on the basis that he inadequately "scored" the surface areas for his testing. They also challenge other aspects of Mann's methodology, including his failure to obtain an actual value when measuring the paint's adhesion strength, as opposed to a "greater than" assessment. Reviewing the report and Plaintiffs' objections to Mann's testimony, the Court at this point finds that Plaintiffs' objections are best directed at the credibility and probative value of Mann's testimony rather than admissibility. Nonetheless, the Court will reserve ruling on this issue and Plaintiffs may renew their objection at trial when the Court can evaluate Mann's testimony in relation to his methodology and the surrounding evidence and testimony.

The Court also denies Plaintiffs' motions to exclude the testimony of Bruce Bryant on the basis that his disclosure was insufficient under Federal Rule of Civil Procedure 26(a)(2) for lack of a more thorough report. Bruce Bryant is not a witness that was retained or specially employed for the purpose of providing expert testimony and the duties of his employment with Defendant do not regularly involve giving expert testimony. Therefore, he is not subject to the written report requirement of Federal Rule of Civil Procedure 26(a)(2)(b). Further, the report supplied with Bruce Bryant's

disclosure appears to satisfy the requirements of Rule 26(a)(2)(C) regarding the subject matter as well as the facts and opinions to which he will testify.

**B.     Expert Testimony of Richard Bloomquist**

The Court reserves ruling on Plaintiffs' motion to exclude all testimony from Richard Bloomquist on the basis that his written report was an inadequate disclosure under Federal Rule of Civil Procedure 26(a)(2). Bloomquist's c.v. establishes his qualifications as a marine surveyor and his ability to testify generally regarding his observations of the quality of the MAXIMO paint job. However, while Rule 26(a)(2)(B) plainly requires that an expert's written report include "the basis and reasons" for the opinions therein, Bloomquist's report offers little more than unexplained opinions and conclusions. Fed. R. Civ. P. 26(a)(2)(B)(i). Despite stating that he performed a superficial "visual inspection," the report fails to describe any specific observations regarding the paint job or how such observations support Bloomquist's opinions regarding the extent of the paint defects (i.e., "cosmetic" versus "structural") or their underlying cause. Similarly, Bloomquist's report offers no basis or reason for his opinion that the paint is "properly adhered to the MAXIMO," and as the reports of Mann and Halcomb illustrate, there is clearly more required to assess the "adhesion" of the paint job than a simple visual inspection. The vague generality and poor quality of Bloomquist's written report means that the subject and content of his testimony must be limited and will most likely be of very little value. Therefore, the Court will likely exclude Bloomquist's testimony to the extent that Defendant offers his opinions on (1) the extent of the paint defects beyond the paint job's superficial appearance, or (2) the defects' underlying cause. Nonetheless,

the Court will also reserve ruling on the admissibility of Bloomquist's general testimony in regards to the phenomenon of post cure and its appearance. If Bloomquist seeks to move beyond the information contained in his written report and begins to offer detailed descriptions from his inspection of the MAXIMO paint job while indicating how his observations match commonly recognized signs of "post cure," such testimony will likely be subject to exclusion. *See* Fed. R. Civ. P. 37(c)(1).

C. **Destructive Testing and Spoliation**

The Court denies Defendant's motion to exclude the testimony of David Halcomb based on alleged spoliation of evidence. "A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or reasonably foreseeable litigation." *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 625 (C.D. Cal. 2013). The exclusion of expert testimony may be an appropriate sanction for the destruction of relevant evidence. *Glover*, 6 F.3d at 1329; *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 369 (9th Cir. 1992). However, "[s]hort of excluding the disputed evidence, a trial court also has the broad discretionary power to . . . draw an adverse inference from the destruction or spoliation against the party or witness responsible for that behavior." *Glover*, 6 F.3d at 1329. Whether exclusion or some other sanction is appropriate requires a case-by-case analysis and can be a factually intensive inquiry. *See Welsh v. United States*, 844 F.2d 1239, 1246–47 (6th Cir. 1988). In assessing

the appropriateness of sanctions, courts generally consider "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party." *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 888 F.Supp.2d 976, 992 (N.D. Cal. 2012).

Defendant moves to exclude the testimony of David Holcomb on the basis that, when Halcomb performed the destructive testing of paint blisters that form the basis for his opinion, Plaintiffs despoiled the blister defects and improperly denied Defendant the opportunity to have their own expert participate in the testing. To support its position, Defendant cites two occasions where it requested the opportunity to inspect the MAXIMO and perform destructive testing. *See* Dkt. 34-2; Dkt. 34-4. On November 30, 2016, Defendant issued a request for production to perform core sampling as well as "the compatibility test identified on page 17 of the Awlgrip application guide." Dkt. 34-2. Plaintiffs objected to the requested "invasive testing" on the basis that it was unnecessary and cumulative to the core samples already taken by Defendant. Dkt. 34-3. On April 18, 2017, Defendant suggested that its experts coordinate an "inspection protocol" as to "prevent unnecessary destructive testing." Dkt. 34-4 at 1. Subsequently, on April 19, 2017, Halcomb inspected the MAXIMO by removing the paint blisters, sending them to a lab for further testing, and performing a solvent compatibility test on the area of the exposed hull. Dkt. 44-3 at 3.

While Plaintiffs should have given notice to Defendant and afforded it an opportunity to participate in the destructive testing of the paint blisters, the Court does

not see any prejudice resulting to Defendant. Defendant has had ample time to perform its own tests on the significant remaining surface of the hull before and after Halcomb's inspection in April. Defendant had performed earlier testing after taking core samples of the hull. Subsequently, after the disclosure of Halcomb's inspection, Defendant never moved to compel any additional testing nor filed any other motions related to discovery. The Court finds that it is too late in the proceedings to raise these discovery disputes. Nor does the Court see substantial prejudice to Defendant resulting from the fact that it was not invited to Halcomb's inspection on April 19, 2017.

**D.     Supplemental Reisner Report and Revised Marine Group Boat Works Bid**

Finally, the Court grants Defendant's motion to exclude the supplemental report of Ronald Reisner and the revised bid from Marine Group Boat Works ("MGBW"). Under Rule 26(a)(2)(D) Parties are required to disclose any expert reports by the date set forth in a Court's Rule 16 scheduling order. Fed. R. Civ. P. 26(a)(2)(D); Dkt. 23. Additionally, Rule 26(e) requires that parties timely supplement any such expert reports "by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ P. 26(e)(2). "Supplementing an expert report pursuant to Rule 26(e) means 'correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure.'" *Gerawan Farming, Inc. v. Rehig Pacific Co.*, 2013 WL 1982797, at *5 (E.D. Cal. May 13, 2013) (quoting *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998)). However, Rule 26(e) should not be abused to circumvent a Court's scheduled deadline for expert witness disclosures:

> Rule 26(e) envisions supplementation when a party's discovery disclosures happen to be defective in some way so that the disclosure was incorrect or incomplete and, therefore, misleading. It does not cover failures of omission because the expert did an inadequate or incomplete preparation.

*Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) (citations omitted). Rule 37(c)(1) "gives teeth" to the disclosure requirements under Rule 26 by requiring the exclusion of evidence in late disclosures. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The Rule 37 sanction is "self-executing" and "automatic," and is avoided only if the party facing exclusion shows that the untimely disclosure was "substantially justified" or is "harmless." *See Torres v. City of Los Angeles*, 548 F.3d 1197, 1212–13 (9th Cir. 2008).

Plaintiffs disclosed Reisner's "supplemental" report on October 16, 2017. Under the Court's scheduling order, the parties were required to disclose any expert reports by June 21, 2017. Fed. R. Civ. P. 26(a)(2)(D); Dkt. 23. Plaintiffs' pretrial disclosures were due on November 1, 2017, pursuant to Federal Rule 26(a)(3) and Local Rule LCR 16(h). Fed. R. Civ. P. 26(a)(3)(B); W.D. Wash. Local Rule LCR 16(h). Therefore, whether Reisner's "supplemental" expert report was timely depends on whether it constitutes a proper supplement under Rule 26(e).

Reisner's original report evaluated a bid by MGBW and concluded that the bid described an overbroad paint job including the MAXIMO's superstructure and that the bid would need to be further "refined" for the purpose of estimating the cost of repairs to the hull topsides, bulwarks, and transom. Dkt. 44-4 at 5. The original report went on to provide an estimated cost of repair totaling approximately $288,000, with the possibility

of further expenses depending on varying labor rates, the approach of the repair facility, transportation costs, and finding a qualified repair facility willing to do the work. *Id.* at 5. Reisner's "supplemental" report evaluates a revised bid from MGBW that limits the proposed paint job to just the "Hull sides and transom," and ultimately concludes that "the revised [MGBW] pricing appears fair and reasonable." *See* Dkt. 44-5 at 6–8. The revised bid of MGBW totals $349,548, with items relevant to painting work above the waterline totaling $339,425.

The Court concludes that Reisner's "supplemental" report does not constitute a proper supplement pursuant to Rule 26(e), but rather a new expert report evaluating the reasonableness of the bid provided by Marine Group Boat Works ("MGBW") to Plaintiffs on October 4, 2017. While Reisner's report referenced how the MGBW would need to be further refined to prove useful, the supplemental report evaluates the revised bid and goes further than the original report by stating that the revised bid is fair and reasonable. This constitutes more than merely correcting inconsistencies or filling in small holes in the original report. Rather, it assesses new evidence (which could have been discovered earlier by Plaintiffs with reasonable diligence) to formulate a new opinion on the reasonableness of a new bid amount. Therefore, Reisner's "supplemental" report evaluating the reasonableness of the MGBW revised bid is subject to the automatic exclusion requirement of Rule 37(c)(1). Additionally, the bid appears to have been disclosed long after the discovery cutoff of August 21, 2017, even though Plaintiffs were informed of the inadequacies of the initial MGBW bid as early as June 21, 2017, when Reisner's initial expert report was completed.

| | |
|---|---|
| 1 | Plaintiffs have further failed to show that the delay in obtaining the revised bid |
| 2 | was harmless or substantially justified. By opining on the reasonableness of the MGBW |
| 3 | bid, Reisner's supplemental report advances a theory and assessment of damages distinct |
| 4 | from his personal calculations and estimates on page six of the original report as to be |
| 5 | prejudicial to Defendant. For instance, if admitted, the supplemental report would require |
| 6 | Defendant to shift its focus from assessing the accuracy of Reisner's methodology and |
| 7 | personal calculations provided in the original report to challenging the calculations and |
| 8 | estimates in the revised MGBW bid. This is just the type of surprise at trial that the |
| 9 | disclosure deadlines are designed to prevent, as admitting the report would send |
| 10 | Defendant on a wholly different track of defending against Plaintiffs' damages |
| 11 | allegations, particularly where Reisner's original report stated that the initial MGBW bid |
| 12 | was unhelpful. Further, Defendant would be required to do so after discovery had already |
| 13 | been closed. Accordingly, Defendant's motion to exclude the supplemental report of |
| 14 | Reisner and the revised MGBW bid is granted. |

**IT IS SO ORDERED**.

Dated this 14th day of December, 2017.

BENJAMIN H. SETTLE
United States District Judge